# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Fernandes Masters,<br><br>    Petitioner,<br><br>v.<br><br>State of Arizona,<br><br>    Respondent. | No. CV-17-04723-PHX-JJT (MHB)<br><br>**ORDER** |

At issue is the Report and Recommendation ("R&R") (Doc. 20) entered in this matter by United States Magistrate Judge Michelle H. Burns, recommending that the Court dismiss the Amended Petition for Writ of Habeas Corpus (Doc. 8) as untimely. Petitioner timely filed an Objection (Doc. 21) to the R&R. The Court concludes that Judge Burns's analysis and her resulting recommendation are correct under the law.

Defendant was sentenced in the underlying matter on May 1, 2007, after pleading guilty pursuant to a plea agreement. On that same day Petitioner filed his notice of post-conviction relief, having waived his right of direct appeal by virtue of entering a guilty plea. Three years later on May 7, 2010, the state court dismissed Petitioner's PCR petition, and he had 30 days thereafter, or until June 6, 2010, to appeal. He did not, and so his conviction became final for purposes of AEDPA and filing a petition for habeas review. The one-year limitations period under AEDPA thus began to run on June 7, 2010 and expired June 7, 2011. But Petitioner filed no habeas petition until December of 2017—six

and a half years too late. The Petition is untimely, and only would be subject to review on the merits if statutory or equitable tolling is available.

As Judge Burns concluded, Petitioner does not satisfy the requirements for statutory tolling of the AEDPA limitations period. His subsequent PCR filings in the state court were themselves untimely and therefore not "properly filed" under 28 U.S.C. § 2244(d)(2). In any event they were filed after the AEDPA limitations period had run and thus were too late.

Nor does Petitioner qualify for equitable tolling, which requires a showing of extraordinary circumstances beyond a petitioner's control that make is impossible to file a petition on time. Petitioner simply relies on his *pro se* status, youth and lack of education in the law. All of these factors are explicitly rejected as inadequate triggers for equitable tolling under *Rasberry v. Garcia*, 448 F.3d 1150 (9th Cir. 2006).

In his Objections, Petitioner attempts to argue past the threshold issue of the procedural bar and focuses solely on the merits of his claims. But the Court never reaches those merits unless Petitioner can satisfy the Court that his untimely petition qualifies for review, which it does not. Accordingly,

IT IS ORDERED overruling the Objection (Doc. 21) and adopting in whole the Report and Recommendation by Judge Burns (Doc. 20).

IT IS FURTHER ORDERED dismissing as untimely the Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2254 (Doc. 8). The Clerk of Court shall terminate this matter.

IT IS FURTHER ORDERED denying a certificate of appealability and leave to appeal *in forma pauperis* upon a finding that dismissal of the Petition here is justified by a plain procedural bar.

Dated this 8th day of March, 2019.

Honorable John J. Tuchi
United States District Judge